# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITYNATIONAL MOTRGAGE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHAVEZ,<br><br>Defendant. | **ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:17-cv-888-RJS<br><br>Judge Robert J. Shelby |

Before the court is Plaintiff SecurityNational Mortgage Company's (SNMC) Motion for Temporary Restraining Order (TRO). The court held hearings on August 15 and August 31, and at the second hearing heard argument on the Motion from SNMC's counsel. Defendant Michael Chavez did not respond to the Motion or attend either hearing, nor has any attorney for Chavez made an appearance. Because it appears SNMC has met its burden for a TRO, and because the court is satisfied SNMC diligently notified Chavez of the Motion and hearings and attempted to secure his presence, the court grants in part the Motion for TRO.

As a threshold matter, the court notes that SNMC has adequately alleged personal jurisdiction over Chavez by virtue of the Employment Agreement he signed, in which he consented to personal jurisdiction in "the federal district court in Salt Lake City, Utah."[1] Additionally, the court notes that while Chavez did not appear at the hearing, this is not an *ex*

---

[1] Dkt. 2-1 at 7; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that a party may consent to personal jurisdiction and venue by agreeing to a forum selection clause).

*parte* TRO.  When an opposing party has been notified of a Motion for TRO and a hearing held,

the TRO-specific requirements of Federal Rule of Civil Procedure 65(b), which deal with ex

parte Motions for TRO, do not apply.[2]  As discussed, the court held a hearing on SNMC's

Motion, and although Defendant did not appear, he had notice of the Complaint and the Motion

for TRO as early as August 15.[3]  SNMC served Chavez with notice of the Complaint and Motion

for TRO on August 15.[4]  It sent notice of the August 15 hearing on August 9, and sent notice of

the August 31 hearing on August 29.[5]  Thus, Chavez had adequate notice.  Further, the facts

supporting the TRO appear in a Verified Complaint, and, as discussed below, indicate SNMC is

likely to suffer immediate and irreparable injury, loss, or damage, absent a TRO.[6]  Thus, although

technically not necessary (as a hearing was held of which Defendants had notice), the court notes

that the Rule 65(b) requirements for an ex parte TRO are met.

To obtain a TRO, SNMC must demonstrate: (1) it will suffer irreparable injury unless the

motion is granted; (2) the threatened injury outweighs whatever damage the proposed injunction

will cause Defendants; (3) the injunction would not be adverse to the public interest; and

(4) SNMC is substantially likely to prevail on the merits.[7]  SNMC has made this showing.

First, in its Verified Complaint, SNMC alleges Chavez solicited at least two and possibly

up to five of SNMC's employees, three of whom then left SNMC to join Chavez's new

---

[2] *Winnebago Tribe of Neb. v. Stovall*, 205 F.Supp.2d 1217, 1221 (D. Kan. 2002), *aff'd* 341 F.3d 1202 (10th Cir. 2003).

[3] *See* Dkt. 21.

[4] *Id.*

[5] Dkts. 11, 23.

[6] *See* Fed. R. Civ. P. 65(b).

[7] *Id.*

employer, in violation of his contractual and common law duty not to solicit.[8] This loss is difficult to quantify and irreparable by monetary damages.[9] As to balance of harms, Chavez's inability to solicit SNMC employees at his new job is outweighed by the continuing harm caused by SNMC's loss of employees. Further, a TRO would not be adverse to the public interest, as the public has an interest in enforcing contractual obligations.[10]

Last, SNMC is likely to succeed on its breach of contract claim, which directly implicates Chavez's solicitation activities. SNMC has showed that Chavez entered into a facially valid and enforceable Employment Agreement that prohibited him from "directly or indirectly solicit[ing] any of SNMC's employees to leave SNMC."[11] And, as discussed SNMC has alleged in its verified complaint that Chavez solicited at least two, and possibly up to five SNMC employees. SNMC is likely to succeed on this claim.

Thus, the court concludes SNMC has met its burden of demonstrating it is entitled to a TRO restraining Chavez from soliciting SNMC employees. It has not, however, shown that it is entitled to a TRO requiring Chavez to "return any confidential and/or proprietary information of Plaintiff that [he was] provided," because it has not alleged facts sufficient to demonstrate Chavez has taken any confidential or proprietary information, nor has it tied this provision to any of the claims in its complaint.

For these reasons, SNMC's Motion for a TRO is GRANTED IN PART. The court orders that for ten days following this order, Michael Chavez is enjoined from directly or indirectly

---

[8] Dkt. 2 at 7.

[9] *See, e.g.*, Marsh USA Inc. v. Karasaki, No. 08 CIV. 4195 (JGK), 2008 WL 4778239, at *14 (S.D.N.Y. Oct. 31, 2008) (loss of employees constitutes irreparable harm).

[10] *See, e.g.*, *Aetna Health Mgmt., Inc. v. Mid-Am. Health Network, Inc.*, 975 F. Supp. 1382, 1387 (D. Kan. 1997) (acknowledging the public interest in recognizing the binding natures of contracts).

[11] Dkt. 2-1 at 7.

soliciting, encouraging, or otherwise requesting SNMC employees leave the employ of SNMC to join E Mortgage, or any other competitor in the residential mortgage industry.

This Order shall expire upon the latter of ten days from this Order's date of entry, or, for good cause shown, the date to which this Court later extends this Order under Rule 65(b)(2).

**SO ORDERED** this 31st day of August, 2017, at 3:53P.M., in Salt Lake City, Utah.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge